# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) Case No: 16 C 50001 |
| v. | ) |
| | ) Judge Philip G. Reinhard |
| Billie Jo McGlown, | ) |
| Defendant. | ) |

## ORDER

For the reasons below, defendant's 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence [1] is denied. The court also declines to issue a certificate of appealability. The case is closed.

## STATEMENT - OPINION

As indicated in her original criminal case, *United States v. Billie Jo McGlown*, Case No. 3:05-cr-50036-1 (N.D. Ill.), defendant Billie Jo McGlown was found guilty on August 2, 2012 of Count One, bank robbery under 18 U.S.C. § 2113(a) & (d), as well as Count Two, use of a firearm during a crime of violence under 18 U.S.C. § 924(c)(1)(A). Defendant was sentenced and judgment was entered on July 23, 2013 to 36 months on Count One and 60 months on Count Two, to run consecutively. Defendant was represented by the Federal Defender Program at all times. Defendant did not appeal the judgment.

On December 22, 2015, defendant signed a § 2255 motion challenging her sentence. *See* [1]. In the motion, defendant raises an ineffective assistance of counsel claim, arguing that her attorney was ineffective for refusing to file a notice of appeal for her when she asked him to after her sentencing. Defendant also raises a *Johnson* claim, arguing that she should not have been convicted of Count Two, because Count One is no longer considered a crime of violence after the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

On January 15, 2016, this court appointed the Federal Defender Program for defendant and ordered that she show cause why this matter should not be dismissed pursuant to Rule 4 of the Rules Governing Section 2255 Cases. *See* [5]. On February 3, 2016, the court granted the Federal Defender Program's motion to withdraw as counsel for a conflict of interest, due to defendant's ineffective assistance of counsel claim. *See* [8]. The court did not appoint substitute counsel pending the show cause proceedings, despite defendant's request. *See id.* On February 26, 2016, defendant filed her response to the court's show cause order. *See* [11]. Although the government was invited to file a reply, it has not done so.

Pursuant to Rule 4 of the Rules Governing Section 2255 Cases, the court is to dismiss a § 2255 motion where it "plainly appears" on the face of the motion, attachments, and the records of prior proceedings, that defendant "is not entitled to relief." The court has reviewed the motion and the records of prior proceedings in defendant's criminal case, including the presentence investigation report.

With regard to defendant's ineffective assistance claim, the claim must be dismissed as untimely. Section 2255 states that a one-year statute of limitations shall apply and shall run from either:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because defendant did not appeal, judgment became final when she did not file her appeal within fourteen days of the July 23, 2013 judgment. As such, her § 2255 motion was filed over one year late. None of the other provisions apply to her case. First, the *Johnson* case does not apply to her ineffective assistance claim. Second, defendant makes clear in her reply that she spoke with her attorney immediately after her sentencing, when he explained that he would not be filing a notice of appeal on her behalf. As such, the relevant facts were known to her over two years ago. Finally, defendant does not allege any government-created impediment to her filing a Section 2255 motion. Because defendant's ineffective assistance claim is untimely, the court dismisses it pursuant to Rule 4 of the Rules Governing Section 2255 Cases.

Defendant's second claim is based on the Supreme Court's decision in *Johnson*, and is thus timely. However, after review, the claim is dismissed because it "plainly appears" on the face of the motion, attachments, and the records of prior proceedings, that defendant "is not entitled to relief." Pursuant to 18 U.S.C. § 924(c)(3):

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and--
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Assuming without deciding that *Johnson*, which pertained to the Armed Career Criminal Act's definition of "violent felony," applies to § 924(c)(3), defendant is still not entitled to relief. The "crime of violence" applicable to her was bank robbery under 18 U.S.C. § 2113(a) & (d); the jury was instructed that it could not convict her of that crime unless it found that "the defendant took or attempted to take . . . money by means of force and violence, or by means of intimidation." *United States v. Billie Jo McGlown*, Case No. 3:05-cr-50036-1 (N.D. Ill.), #[56] at 15; *see also Descamps v. United States*, 133 S.Ct. 2276, at 2281-82 (2013) ("[T]he modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction."). Other courts in this district have found that bank robbery under 18 U.S.C. § 2113(a) constitute crimes of violence under the "element of force" clause, rather than the residual clause. *See United States v. Mitchell*, 2015 WL 7283132, at *3 (E.D. Wis. Nov. 17, 2015) (collecting cases). The court agrees that defendant was convicted of § 924(c)(3) because her predicate offense contained an "element the use, attempted use, or threatened use of physical force against the person or property of another." *See* 18 U.S.C. § 924(c)(3). As such, *Johnson* is inapplicable to defendant and her § 2255 motion [1] is dismissed in its entirety.

Rule 11(a) of the Rules governing Section 2255 Proceedings in the United States District Courts mandate that the court rule on a certificate of appealability when it denies a petition under Section 2255 or otherwise closes the case. A certificate of appealability is not granted as a matter of right and instead may only be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing occurs when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

While defendant attempted to raise constitutional issues in her § 2255 motion, the court finds her collateral claims are either untimely or without merit and does not find that "reasonable jurists could debate whether . . . the petition should have been resolved in a different matter[.]" *Id.* Thus, because there is no substantial constitutional question for appeal, the court declines to issue a certificate of appealability. The case is terminated.

Date: 03/03/2016                                                  ENTER:

                                                                  *Philip G. Reinhard*
                                                                  _____
                                                                  United States District Court Judge

Notices Mailed by Judicial Staff. (LC)

3